UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | |
|---|---|
| NICHOLAS BLETTE,<br><br>  Plaintiff,<br><br>v.<br><br>EDDIE TAYLOR, individually, and as agent servant and/or employee of UNITED VAN LINES, LLC., UNITED VAN LINES, LLC.<br><br>  Defendants, | No. 17-cv-1040 |
| CASSENS TRANSPORT COMPANY,<br><br>  Intervening Petitioner,<br><br>v.<br><br>EDDIE TAYLOR, individually, and as agent servant and/or employee of UNITED VAN LINES, LLC., UNITED VAN LINES, LLC.<br><br>  Respondents. | |

**COMPLAINT IN INTERVENTION**

NOW COMES, Cassens Transport Company, by and through its attorneys Gibson Kolb PLC, and complains of Eddie Taylor, individually, and as agent, servant, and/or EMPLOYEE OF United Van Lines, LLC and United Van Lines, LLC, as follows:

1. That jurisdiction of the court attaches under the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 and the parties are citizens of different states.

2. At the time of the incident, Nicholas Blette was a resident of the State of Illinois.

3. Defendant, Eddie Taylor, is a resident of the State of Missouri.

4. Defendant, United Van Lines, LLC is a corporation organized under the laws of the State of Missouri.

5. Cassens Transport Company is an Illinois corporation.

## COUNT I

6. On or about January 9, 2015, Plaintiff Nicholas Blette ("Blette") was the operator of a truck tractor, traveling in a generally southbound direction on Interstate 39, near milepost 29, in the township of Minonk, County of Woodford, State of Illinois. At such time and place, he was in the course and scope of his employment with Cassens Transport Company.

7. At the foresaid time and place, Defendant, Eddie Taylor was the operator of a truck tractor traveling in a generally northbound direction on Interstate 39, near milepost 29 in the Township of Minonk, County of Woodford, and State of Illinois.

8. At the foresaid time and place, Eddie Taylor lost control of his truck tractor, slid though the center median and veered across the southbound lanes of Interstate 39, resulting in a collision with vehicle operated by Blette.

9. At said time and place, Eddie Taylor had the duty to operate said truck tractor in a reasonably safe manner and to exercise ordinary care and caution so as not to cause injury to others, including Blette.

10. Notwithstanding the aforementioned duty, Eddie Taylor, then and there committed one or more of the following careless and negligent acts and/or omissions:

    a. Carelessly and negligently operated said motor vehicle;

    b. Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of their said motor vehicle;

    c. Failed to yield the right of way to another vehicle, specifically Blette's;

    d. Failed to keep an adequate lookout during the operation of said motor vehicle;

    e. Failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

    f. Failed to change the course of said motor vehicle so as to avoid striking Blette's vehicle;

    g. Failed to give audible warning with his horn, when such warning was reasonable and necessary;

    h. Failed to decrease speed when special hazards existed by reason of weather;

    i. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 2008, Chapter 625, Section 5/11-601(a);

    j. Failed to drive as nearly as practicable entirely within a single lane or move from a lane of traffic without first ascertaining that such movement could be made safely, in violation of Illinois Compiled Statutes, 2008, Chapter 625, Section 5/11-709(a);

    k. Otherwise carelessly, negligently, and improperly, drove and operated the subject vehicle.

11. That one or more of the aforesaid negligent acts or omissions of the Eddie Taylor was a proximate cause of the collision and the serious personal injuries sustained by Blette.

12. As a result of said injuries, Blette made a claim for workers compensation benefits and has received such benefits from Cassens Transport Company in an amount not less than $179,448.54 and such amounts may increase.

13.	Pursuant to 820 ILCS 305/5(b), Cassens Transport Company is entitled to a lien and reimbursement from Defendants to the extent of the workers compensation benefits it has expended and will expend due to Blette's injuries.

WHEREFORE, Cassens Transport Company prays for judgment in its favor against Eddie Taylor to the extent of the workers compensation benefits expended and to be expended as related to Blette's injuries and for enforcement of its lien on any recovery obtained by Blette for injuries sustained, and costs of suit.

## COUNT II

NOW COMES, Cassens Transport Company, by and through its attorneys Gibson Kolb PLC, and complains of Eddie Taylor, individually, and as agent, servant, and/or EMPLOYEE OF United Van Lines, LLC and United Van Lines, LLC, as follows:

14.	Cassens reasserts paragraphs 1-13 as if fully set forth here.

15.	At the aforementioned time and place, Eddie Taylor, operated said motor vehicle as, and in the capacity of, agent, servant and/or employee of Defendant, United Van Lines, LLC.

16.	At the aforesaid time and place, Defendant United Van Lines, LLC by and through its agent, servant, and/or employee, Eddie Taylor, had a duty to operate said motor vehicle in a reasonable manner and exercise ordinary care and caution so as not to cause injury to others, specifically the Plaintiff.

17.	Notwithstanding the aforementioned duty, Defendant United Van Lines, LLC by and through its agent, Eddie Taylor, then and there committed one or more of the following careless and negligent acts and/or omissions:

   a.	Carelessly and negligently operated said motor vehicle;

b. Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of their said motor vehicle;

c. Failed to yield the right of way to another vehicle, specifically Blette's;

d. Failed to keep an adequate lookout during the operation of said motor vehicle;

e. Failed to decrease the speed of his vehicle in order to avoid colliding with another vehicle;

f. Failed to change the course of said motor vehicle so as to avoid striking Blette's vehicle;

g. Failed to give audible warning with his horn, when such warning was reasonable and necessary;

h. Failed to decrease speed when special hazards existed by reason of weather;

i. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes , 2008, Chapter 625, Section 5/11-601(a);

j. Failed to drive as nearly as practicable entirely within a single lane or move from a lane of traffic without first ascertaining that such movement could be made safely, in violation of Illinois Compiled Statutes, 2008, Chapter 625, Section 5/11-709(a);

k. Otherwise carelessly, negligently, and improperly, drove and operated the subject vehicle.

18. That one or more of the aforesaid careless acts and/or omissions of the Defendant was a proximate cause of the collision and the personal injuries sustained by Blette.

19. As a result of said injuries, Blette made a claim for workers compensation benefits and has received such benefits from Cassens Transport Company in an amount not less than $179,448.54 and such amounts may increase.

20.	Pursuant to 820 ILCS 305/5(b), Cassens Transport Company is entitled to a lien and reimbursement from Defendants to the extent of the workers compensation benefits it has expended and will expend due to Blette's injuries.

WHEREFORE, Cassens Transport Company prays for judgment in its favor against Eddie Taylor to the extent of the workers compensation benefits expended and to be expended as related to Blette's injuries and for enforcement of its lien on any recovery obtained by Blette for injuries sustained, and costs of suit.

Respectfully submitted,

CASSENS TRANSPORT COMPANY

/s/ Bradley M. Arnold
One of its attorneys

Bradley M. Arnold
Gibson Kolb PLC
1110 W. Lake Cook Road, Suite#150
Buffalo Grove, IL 60089
847-254-5240
ARDC # 6255567
bma@gibsonkolb.com