**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

NICHOLAS BLETTE,
     Plaintiff,

v.

EDDIE TAYLOR; UNITED VAN
LINES, LLC,
     Defendants.

CASSENS TRANSPORT
COMPANY,
     Intervenor Plaintiff,

v.

EDDIE TAYLOR; UNITED VAN
LINES, LLC,
     Intervenor Defendants.

Case No. 1:17-cv-01040-JBM-JEH

**Order**

     The Intervenor Plaintiff, Cassens Transport Company, filed a Complaint in Intervention in this case on March 27, 2017. (D. 16)[1] The Intervenor Plaintiff's Complaint asserts diversity of citizenship as a basis of this Court's subject matter jurisdiction. (D. 16 at pg. 1). The allegations of the Complaint in Intervention are not sufficient to support that assertion.

     The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Here, the Intervenor Plaintiff alleges the individual parties are a "resident" of their respective

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

states, that United Van Lines, LLC "is a corporation organized under the laws of the State of Missouri[,]" and that "Cassens Transport Company is an Illinois corporation." *Id.* at pg. 2.

First, the Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. See, *e.g.*, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.2000); see also *Page v. Wright*, 116 F2d 449, 451 (7th Cir. 1940) ("[i]n federal law citizenship means domicile, not residence"). Parties asserting diversity jurisdiction based on parties hailing from different states must allege the citizenship of each party, not the residence. See *Held v. Held*, 137 F.3d 998 (7th Cir.1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994). Additionally, a complaint based on diversity jurisdiction must allege the state of incorporation *and* principal place of business for each of the named corporations, and those allegations must be based on the state of things at the time the action was brought. 28 USC § 1332(c)(1); *Grupo Dataflux v Atlas Global Group, LP*, 541 US 567, 570-71 (2004).

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Intervenor Plaintiff file an Amended Complaint in Intervention not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint in Intervention, the Intervenor Plaintiff shall properly allege the basis for the Court's jurisdiction.

*It is so ordered.*

Entered on March 28, 2017.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE